IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WHITNEY ADAMS                                                                                    PLAINTIFF

vs.                                              Civil No. 2:20-cv-02234

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                          DEFENDANT

## MEMORANDUM OPINION

Whitney Adams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on December 1, 2017. (Tr. 21). In these applications, Plaintiff alleges being disabled due to arthritis, trochanteric bursitis, fibromyalgia, anxiety disorder, and depression. (Tr. 251). Plaintiff alleges an onset date of June

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

6, 2016. (Tr. 21). These applications were denied initially and again upon reconsideration. (Tr. 77-138). After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 56-76). Plaintiff's administrative hearing was held in Fort Smith, Arkansas on November 5, 2019. (Tr. 56-76). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing.[2] *Id.*

On April 28, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 18-33). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2023. (Tr. 24, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 6, 2016, her alleged onset date. (Tr. 24, Finding 2).

The ALJ determined that through her date last insured, Plaintiff had the following severe impairments: degenerative disc disease; osteoarthritis; fibromyalgia syndrome by history; and moderate obesity. (Tr. 24-25, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). Specifically, the ALJ found Plaintiff retained the following RFC:

---

[2] Based upon the Court's review of hearing transcript and the hearing decision in this matter, Plaintiff's age and education level do not appear to be included in either the hearing transcript or the hearing decision. According to Plaintiff's medical records, however, she was fifty-three (53) years old on the date of the ALJ's decision such as that she qualifies as a "person closely approaching advanced age" under the Social Security Regulations. *See* 20 C.F.R. § 404.1563(d) (2008).

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except [she] can occasionally crouch[.]

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was capable of performing her PRW as a claims assistant (sedentary/skilled). (Tr. 32, Finding 6). Because the ALJ found Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 6, 2016 through the date of his decision or through April 28, 2020. (Tr. 33, Finding 6).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On October 29, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On December 14, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 14, 2020. ECF No. 6. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the

record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in his RFC determination (including in his evaluation of her subjective complaints); and (2) the ALJ erred in his Step Four determination. ECF No. 17 at 1-18. Because the Court finds the ALJ erred in assessing Plaintiff's subjective complaints, the Court will only address her first argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints.  In his opinion, the ALJ merely summarized Plaintiff's medical records and discounted her subjective complaints because her medical records were not consistent with those complaints: "The undersigned considered but did not find persuasive statements and testimony of the claimant in relation to his [her] allegations of disabling impairments and limitations thereof, based upon the lack of support from *the objective medical evidence and the inconsistency when compared to the longitudinal medical evidence record.*"  (Tr. 32) (emphasis added).

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records alone.  *See Polaski,* 739 F.2d at 1322

(holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE